IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. |
| ) | |
| BRIAN L. HALL and BRENDA R. HALL, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

The Plaintiff United States of America, through its attorneys, complains and alleges as follows:

1. This civil action, which arises under the Internal Revenue Code, is brought by the United States to seek a judgment against Defendant Brian L. Hall in excess of $7.5 million for his unpaid trust fund recovery penalties for various periods from 1999, 2001 through 2003, and 2008 through 2010, and personal income tax liabilities for years 2004, 2006, 2007 and 2009. The United States also seeks a judgment against Defendant Brenda R. Hall in excess of $410,000 for her unpaid trust fund recovery penalties for various periods in 2008 through 2010.

2. This action is authorized and requested by the Chief Counsel, Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States, in accordance with the provision of 26 U.S.C. § 7401.

## VENUE AND JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396, because

Mr. and Mrs. Hall's trust fund recovery penalties and Mr. Hall's personal federal income tax liabilities accrued while the Halls resided in Mobile County.

## PARTIES

5. Plaintiff, the United States, is a sovereign body politic.

6. Defendant Brian L. Hall, the husband of Brenda R. Hall, resides in Mobile County, Alabama, within the jurisdiction of this Court. This action involves Brian Hall's trust fund recovery penalties and personal income tax liabilities that accrued while he lived within the jurisdiction of this Court.

7. Defendant Brenda R. Hall, the wife of Brian L. Hall, resides in Mobile County, Alabama, within the jurisdiction of this Court. This action involves Brenda Hall's trust fund recovery penalties that accrued while she lived within the jurisdiction of this Court.

## CLAIMS

**COUNT I - Reduce to Judgment Brian Hall's Trust Fund Recovery Penalties**

8. Brian L. Hall is the president of Kona Catamaran and CEO of one of its partners, Bulldog Marine, Inc. For years, Hall has evaded administrative collection of his tax liabilities, and he now owes over $7.5 million. Most of Hall's debt represents unpaid trust fund recovery penalties assessed against him as a responsible officer of Express Payroll PEO, Inc. (for taxable quarters 3/31/99 - 12/31/99); Saguaro Services Inc. (for taxable quarters 3/31/01, 6/30/01 and 6/30/02-12/31/02); Trico Services Inc. (9/30/2003) and Matchtech Inc. (12/31/08, 3/31/09. 6/30/09 and 6/30/2010).

9. In August 1998, Express Payroll PEO, Inc. was incorporated in Alabama. Express Payroll was an employee leasing company with its principal place of business in

Mobile, Alabama.  Absent a specific customer arrangement to the contrary, Express Payroll issued paychecks directly to the employees it leased to its customers, and was required to withhold and remit state and federal taxes to the proper taxing authority.

10.     For all four taxable periods in 1999, Brian Hall was a co-owner, president, director, and resident agent of Express Payroll.  As such, Hall had control over Express Payroll's financial affairs, had the ability to disperse corporate funds, routinely signed corporate checks paying expenses other than the accumulating employment tax liabilities, and controlled the business.

11.     After Express Payroll accrued significant payroll tax liabilities in 1999 that rendered the entity insolvent, Brian Hall transferred the employee leasing operations to other corporations he controlled, specifically Mesastaff and later Saguaro Services.

12.     In May 2001, Brian Hall formally incorporated Saguaro Services in Alabama.  As a successor entity of Express Payroll and Mesastaff, Saguaro Services employed and leased the same individuals to the same customers as the other two companies.  Mesastaff and Saguaro Services had their principal place of business in Mobile, Alabama and utilized the same website as Express Payroll – expresspayroll.com – until the domain name was changed to mesastaff.com.

13.     For all taxable periods from 2001 through 2002 listed below, Brian Hall was the an owner, director, officer, and registered agent of Saguaro Services.  As such, Hall controlled its financial affairs, had the ability to disperse corporate funds, routinely signed corporate checks, signed Form 941 (Employer's Quarterly Federal Tax Return) tax returns and otherwise controlled the business.  In November 2002, Hall also signed Saguaro Services' voluntary bankruptcy petition after it failed to pay its employment taxes during certain periods in 2001 and

2002 and then allowed it to accumulate additional taxes during the last period of 2002 (December 31, 2002).  *See In re Saguaro Services, Inc.*, Bankruptcy No. 02-16512 (Bank. S. D. Ala.).  Although the IRS filed a proof of claim for those unpaid taxes, Hall dismissed Saguaro Services' bankruptcy before any payment could be made on account of that claim.

14. In a series of events that were widely covered by the Mobile Register, during the four tax periods in 1999 and the years thereafter, Brian Hall failed to fully pay the payroll taxes withheld from the employees his companies leased to customers under employee leasing arrangements.  Hall used these funds to pay personal expenses, pay other vendors and creditors and finance his other business interests.

15. In August 2002, Trico was incorporated in Alabama to serve customers in the marine and chemical industry in Mississippi.

16. During 2002 and 2003, Brian Hall was the co-owner, vice president, and the officer of Trico.  Hall controlled Trico's financial affairs, had the ability to disperse corporate funds, routinely signed corporate checks paying expenses other than the accruing tax liabilities and controlled the business.   In this capacity, Hall authorized the payment of thousands of dollars to himself.  During the period ending September 30, 2003, however, Trico failed to remit to the IRS employment and income taxes withheld from its employees.

17. In 2007, Hall acquired Matchtech, a Florida corporation that operated a marine engineering corporation based in Stockbridge, Georgia.

18. Brian Hall was the CEO and a director, and controlled Matchtech's financial affairs, directed the disbursement of corporate funds and the payment of its creditors, employees and vendors from the time he acquired the company through at least mid-2010.  Hall authorized

these payments at a time when he knew, or should have known, that Matchtech failed to remit to the IRS employment and income taxes withheld from its employees.

19. In all, Brian Hall's companies incurred federal employment tax liabilities for the following periods: (i) all four quarterly periods for 1999 (Express Payroll), (ii) the periods ending March 31, 2001, June 30, 2001 and the last three periods for 2002 (Saguaro Services), (iii) the period ending September 30, 2003 (Trico), and the periods ending December 31, 2008, March 31 and June 30, 2009 and June 30, 2010 (Matchtech). For each of these periods, Brian Hall was a person required to collect, truthfully account for, and/or pay over the federal income and employment taxes withheld from Express Payroll, Saguaro Services, Trico and Matchtech.

20. During all of the periods referenced above, Brian Hall willfully failed to collect, truthfully account for and/or pay over the federal tax income and employment taxes withheld from the employees of his companies. Instead, at a time when he knew or should have known that those employment taxes were not being paid, Hall directed his companies to pay other liabilities, including personal expenses. In addition, as a responsible officer, Hall failed to exercise his authority to ensure that withheld employment taxes were paid to the United States.

21. Pursuant to 26 U.S.C. §§ 6671 and 6672, for the taxable quarters and in the amounts listed below, a delegate of the Secretary of the Treasury assessed trust fund recovery penalties against Brian Hall for the unpaid federal income and employment taxes withheld from his companies' employees:

| Tax Period Ended | Assessment Date | Company | Balance of TFRP Assessment | Accrued Interest through June 1, 2013 |
|---|---|---|---|---|
| 03/31/1999 | 4/11/2003 | Express Payroll | $146,552.01 | $97,745.52 |
| 06/30/1999 | 4/11/2003 | Express Payroll | $352,423.82 | $233,549.77 |
| 09/30/1999 | 4/11/2003 | Express Payroll | $388,530.45 | $257,477.52 |
| 12/31/1999 | 4/11/2003 | Express Payroll | $410,155.43 | $271,808.29 |
| 3/31/2001 | 9/15/2003 | Saguaro Services | $640,644.49 | $407,330.03 |
| 6/30/2001 | 10/07/2003 | Saguaro Services | $581,607.38 | $363,584.62 |
| 6/30/2002 | 9/15/2003 | Saguaro Services | $553,654.89 | $352,021.10 |
| 9/30/2002 | 10/07/2003 | Saguaro Services | $915,530.89 | $572,332.73 |
| 12/31/2002 | 10/07/2003 | Saguaro Services | $363,070.25 | $226,968.82 |
| 9/30/2003 | 12/19/2005 | Trico | $24,719.41 | $11,328.40 |
| 12/31/2008 | 9/15/2011 | Matchtech | $21,954.48 | $1,236.60 |
| 3/31/2009 | 9/15/2011 | Matchtech | $170,622.90 | $8,036.53 |
| 6/30/2009 | 9/15/2011 | Matchtech | $164,128.62 | $8,183.24 |
| 6/30/2010 | 9/15/2011 | Matchtech | $36,650.41 | $1,849.62 |
| **Total** | | | **$4,770,245.43** | **$2,813,453.79** |

22. Notice and demand for payment of the assessments described above was made on Brian Hall; however, he has failed to pay the amount owed. As a result, Hall remains indebted to the United States for these outstanding trust fund recovery penalties in the amount of $7,583,699.22, as of June 1, 2013 and after deducting all withholdings, credits and payments, plus statutory additions accruing thereafter according to law.

23. Although more than 10 years have elapsed since the assessments against Brian Hall for the trust fund recovery penalties for all four periods in 1999 (Express Payroll), the period of time to collect those liabilities under 26 U.S.C. § 6502(a) has not yet expired. In 2003,

6

Hall submitted an offer-in-compromise that extended the statute of limitations by seventy-two days while the IRS considered his offer (*i.e.*, from April 11, 2013 until June 23, 2013).  As a result, the statute of limitations expires on June 23, 2013 and this action is timely.

### COUNT II - Reduce to Judgment Brenda Hall's Trust Fund Recovery Penalties

24. Brenda Hall is married to Brian Hall.

25. For Matchtech, during the periods ending December 31, 2008, March 31 and June 30, 2009, and June 30, 2010, Brenda Hall was the Vice President of Operations and an officer.  As such, Brenda Hall had the ability to control its financial affairs and disperse corporate funds, routinely signed corporate checks at a time when she knew or should have known that the employment taxes were not being paid, signed a Form 941 tax return, and directed the disbursement of corporate funds and the payment of its creditors, employees and vendors.

26. During the periods ending December 31, 2008, March 31 and June 30, 2009 and June 30, 2010, Brenda Hall was a person required to collect, truthfully account for, and/or pay over the federal income and employment taxes withheld from Matchtech.

27. During all of the periods referenced in paragraph 25, Brenda Hall willfully failed to collect, truthfully account for and / or pay over the federal tax income and employment taxes withheld from Matchtech's employees.  At a time when she knew or should have known that Matchtech's employment taxes were not being paid, Brenda Hall signed checks or directed others to sign company checks to pay her personal expenses, fund Brian Hall's business interests, and pay other corporate debts.  As a responsible officer, Brenda Hall failed to exercise her authority to ensure that these withheld employment taxes were paid to the United States.

28. Pursuant to 26 U.S.C. §§ 6671 and 6672, for the taxable quarters and in the

amounts listed below, a delegate of the Secretary of the Treasury assessed trust fund recovery penalties against Brenda Hall for the unpaid federal income and employment taxes withheld from Matchtech's employees:

| Tax Period Ended | Assessment Date | Company | Balance of TFRP Assessment | Accrued Interest through June 1, 2013 |
|---|---|---|---|---|
| 12/31/2008 | 9/15/2011 | Matchtech | $21,929.48 | $1,192.60 |
| 3/31/2009 | 9/15/2011 | Matchtech | $170,622.90 | $8,507.03 |
| 6/30/2009 | 9/15/2011 | Matchtech | $164,128.62 | $8,183.24 |
| 6/30/2010 | 9/15/2011 | Matchtech | $36,450.41 | $1,849.62 |
| **Total** | | | **$393,131.41** | **$19,733.49** |

29. Notice and demand for payment of the assessments described above was made on Brenda Hall; however, she has failed to pay the amount owed. As a result, Brenda Hall remains indebted to the United States for these outstanding trust fund recovery penalties in the amount of $412,864.90, as of June 1, 2013, and after deducting all withholdings, credits and payments, plus statutory additions accruing thereafter according to law.

**COUNT III - Reduce to Judgment Brian Hall's Federal Income Tax Liabilities**

30. The United States incorporates by reference the allegations contained in paragraphs 1 through 7 of this Complaint as if fully and separately restated herein.

31. For the years 2004 and 2006, Brian Hall failed to file his personal income tax returns. The IRS conducted an examination of Hall's liabilities for those years, and calculated the income tax owed. After issuing Hall a notice of deficiency, a delegate of the Secretary of Treasury made assessments for tax, penalties and interest against Brian Hall for the income tax liabilities owed on the dates and in the amounts indicated in the following table:

| Tax Year | Date of assessment | Unpaid Assessed Tax, Interest and Penalty Balance | Accrued Penalties and Interest as of June 1, 2013 | Total |
|---|---|---|---|---|
| 2004 | 04/27/2009 | $7,025.99 | $1,094.01 | $8,120.00 |
| 2006 | 5/25/2009 | $652.59 | $98.55 | $751.14 |

32. On the dates set forth below, a delegate of the Secretary of the Treasury made assessments against Brian Hall for unpaid federal income taxes for 2007 and 2009, including penalties and interest, gave notice of the assessments, and made demand for payment thereon:

| Tax Year | Date of assessment | Unpaid Assessed Tax, Interest and Penalty Balance | Accrued Penalties and Interest as of June 1, 2013 | Total |
|---|---|---|---|---|
| 2007 | 08/31/2009 | $1,883.14 | $251.33 | $2,134.47 |
| 2009 | 06/14/2010 | $380.08 | $67.41 | $447.49 |

33. Despite the notices of the assessments and the demands for payment, Brian Hall has failed to pay the assessments described in paragraphs 32 and 35 above and remains indebted to the United States for these outstanding 2004, 2006, 2007 and 2009 federal income taxes in the amount of $11,453.10, as of June 1, 2013 and after deducting all withholdings, credits and payments, plus statutory additions accruing thereafter according to law.

WHEREFORE, the Plaintiff, United States of America, prays for the following relief:

A. That this Court enter judgment in favor of the United States and against Defendant Brian L. Hall for unpaid trust fund recovery penalties for certain periods during the years 1999, 2001 through 2003 and 2008 through 2010 in the amount of $7,583,699.22, as of

June 1, 2013, plus statutory additions and interest from the dates of assessment as allowed by law.

  B. That this Court enter judgment in favor of the United States and against Defendant Brenda R. Hall for unpaid trust fund recovery penalties for certain periods during the years 2008 through 2010 in the amount of $412,663.40, as of June 1, 2013, plus statutory additions and interest from the dates of assessment as allowed by law.

  C. That this Court enter judgment in favor of the United States and against Defendant Brian L. Hall for his unpaid federal income tax liabilities for tax years 2004, 2006, 2007, and 2009 in the amount of $11,453.10, as of June 1, 2013, plus statutory additions and interest from the dates of assessment as allowed by law.

  D. That the United States be granted its costs and such other relief as justice requires.

          Respectfully submitted,
          KATHRYN KENEALLY
          Assistant Attorney General

       By: /s/ Benjamin L. Tompkins
          BENJAMIN L. TOMPKINS
          Trial Attorney, Tax Division
          D.C. Bar No. 474906
          U.S. Department of Justice
          Post Office Box 14198
          Ben Franklin Station
          Washington, D.C. 20044
          Telephone: (202) 514-5885
          Facsimile: (202) 514-9868
          Email: benjamin.l.tompkins@usdoj.gov

      Of Counsel: Kenyen R. Brown
          United States Attorney

      *Attorneys for the United States of America*